# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **THE HASSINGER CORPORATION,** <br> **DEALERS WAREHOUSE CORPORATION,** <br> **and MARVIN CONCEPTS, LLC** <br> <br> **Plaintiffs,** <br> <br> **v.** <br> <br> **ACTIVANT SOLUTIONS INC.,** <br> <br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br> <br> <br> <br> <br> <br> No.  3:09-CV-391 <br> (Phillips) |

## MEMORANDUM AND ORDER

Plaintiffs, business entities incorporated in Tennessee, claim that defendant Activant Solutions Inc., a Delaware corporation, breached its contract to develop and provide software to its businesses.  Before the court is Activant's motion to dismiss and/or to compel arbitration.  For the reasons which follow, Activant's motion to dismiss  will be denied, and this action will be transferred to the Western District of Texas.

## I.  Background

Plaintiff Dealers Warehouse Corporation is a wholesale distributor of building materials and related products.  Dealers Warehouse also manufactures and sells millwork. Plaintiff Marvin Concepts is a subsidiary of Dealers Warehouse that sells and distributes windows and related products.  Plaintiff Hassinger Corporation provides administrative services to Dealers Warehouse and Marvin Concepts.  Defendant Activant Solutions Inc., is a Delaware corporation that develops and provides software to businesses in the lumber and building material industry.

In December 2007, the parties entered into an agreement for the acquisition of Activant products and services.   The parties' agreement contains a forum selection clause, which provides:

> 13.10 *Governing Law and Venue.*  THIS AGREEMENT WILL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS (EXCLUDING ITS CONFLICTS OF LAW RULES).  THE PARTIES AGREE THAT ALL ACTS CONTEMPLATED BY THIS AGREEMENT ARE PERFORMABLE IN TRAVIS COUNTY, TEXAS. IN ANY LEGAL ACTION RELATED TO THIS AGREEMENT, EACH PARTY HEREBY AGREES (A) TO THE EXERCISE OF JURISDICTION OVER IT BY A STATE OR FEDERAL COURT IN AUSTIN OR TRAVIS COUNTY, TEXAS AND (B) THAT IF EITHER PARTY BRINGS SUCH LEGAL ACTION, IT SHALL BE INSTITUTED IN ONE OF THE COURTS SPECIFIED IN SUBPARAGRAPH (A) ABOVE.

The agreement also contains a mandatory arbitration clause, which provides:

> 13.8 *Arbitration.*  ANY CLAIM, DISPUTE OR CONTROVERSY ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE ALLEGED BREACH OR TERMINATION THEREOF,

WILL BE SETTLED BY ARBITRATION CONDUCTED IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION, AS THEN IN EFFECT, EXCEPT AS PROVIDED IN SUBPARAGRAPHS (a)-(d) BELOW. YOU UNDERSTAND BY AGREEMENT TO ARBITRATE DISPUTES, YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL.

The agreement was signed by Tim Rowe, CEO, on behalf of Hassinger Corporation, DBA: Dealers Warehouse. Plaintiff Marvin Concepts was not a signatory to the agreement. The agreement provided that "support services," defined as "installation, training, repair, maintenance and support services," would be provided in connection with the software installation and that use of the installed software would be pursuant to a license set forth in the agreement.

## II. Analysis

Defendant Activant moves to dismiss all plaintiffs' claims on the grounds that the parties' contract contains a mandatory venue provision requiring that any legal action related to the parties' contract shall be brought in state or federal court in Austin, Travis County, Texas, and requires the claims at issue in this action to be resolved through binding arbitration.

Federal courts uniformly hold that forum selection clauses that have been freely bargained for are *prima facie* valid and enforceable. *Diebold, Inc. v. Firstcard Financial Services, Inc.,* 104 F.Supp.2d 758, 763 (N.D.Ohio 2000) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991) (enforcing a non-negotiated forum

selection clause between an individual and a corporation). Forum selection clauses in contracts are generally accorded deference, absent fraud, undue influence, or overweening bargaining power. *Union Planters Bank, N.A. v. EMC Mortgage Corp.,* 67 F.Supp2d 915, 919 (W.D.Tenn. 1999). In the Sixth Circuit, forum selection clauses are generally upheld unless they are unfair or unreasonable. *Id.* (citing *Security Watch, Inc. v. Sentinel Systems, Inc.,* 176 F.3d 369, 374-75 (6th Cir. 1999)).

The Sixth Circuit uses the following test to determine whether a forum selection clause is unreasonable: (1) whether the clause was obtained by fraud, duress, abuse of economic power, or unconscionable means; (2) whether the designated forum would be closed to suit or would not effectively handle the suit, or (3) whether the designated forum would be so seriously inconvenient that to require plaintiff to bring suit there would effectively deprive him of his day in court. *Id.*

If a party seeks to avoid a forum selection clause, he has the burden of showing that the clause is unreasonable. *Carnival Cruise Lines,* 499 U.S. at 593-94. In federal court, this is a particularly heavy burden of proof because forum selection clauses are presumptively enforceable. *Id.* at 585. When a forum selection clause is deemed reasonable and as a result, venue is determined to be improper, a court may either dismiss the case or transfer it to any other district in which it could have been brought. 28 U.S.C. § 1406(a); *see also,* 15 Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* Jurisdiction 2d § 3827.

The forum selection clause at issue in the instant case was agreed to by the parties; as a result, it is *prima facie* valid and enforceable. Plaintiffs nonetheless maintain that enforcement of the clause would be unreasonable because (1) neither Dealers Warehouse nor Marvin Concepts was a party to the agreement, and (2) Tennessee law overrules the forum selection clause with respect to plaintiffs' claims under the Tennessee Consumer Protection Act.

Plaintiffs maintain that the execution of the agreement was the direct result of Activant's misrepresentations that it could provide software that would provide valuable benefits to plaintiffs. However, it is well settled that "unless there is a showing that the alleged fraud or misrepresentation induced the party opposing the forum selection clause to agree to inclusion of that clause in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause." *Moses v. Business Card. Exp., Inc.,* 929 F.2d 1131, 1138 (6th Cir. 1991). In the instant case, plaintiffs offer no evidence that they were fraudulently induced to agree to the inclusion of a forum selection clause. Plaintiffs are sophisticated business entities whose officers negotiated the agreement at arm's length. Tim Rowe negotiated and signed the agreement on behalf of both Hassinger Corporation and "Hassinger Corporation, DBA: Dealers Warehouse," Rowe is also CEO of Marvin Concepts. The court therefore rejects plaintiffs' attempt to avoid the forum selection clause on grounds of fraud or misrepresentation.

Plaintiffs also argue that enforcement of the forum selection clause is unreasonable because litigation in Texas will be seriously inconvenient for the plaintiffs and their witnesses. Mere inconvenience or additional expense is not, however, the test for unreasonableness. Instead, plaintiffs must show that litigation in Texas "will be so gravely difficult and inconvenient that they will for all practical purposes be deprived of their day in court." *Bremen*, 407 U.S. 1, 18 (1972). In the instant case, there is absolutely no evidence that plaintiffs will be unable to proceed with their claims in a Texas forum. Plaintiffs can receive the same relief under Texas' Deceptive Trade Practices-Consumer Protection Act as they can receive under the TCPA.

The court also notes that at the time they entered the contract, plaintiffs and Activant were parties to a freely negotiated agreement that contemplated the claimed inconvenience. It is difficult to see why any such claim of inconvenience should now be heard to render the forum clause unenforceable. Even if traveling were a serious inconvenience, the existence of the forum selection clause demonstrates that the parties clearly contemplated this expense when they entered into the agreement. The terms of the agreement suggest that the parties intended to shift the burden of travel onto plaintiffs.

The forum designated by the agreement is conclusive of the interests of convenience and just as between the parties to this case; as a result, enforcing the forum selection clause will protect the legitimate expectations of the parties. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988). Because plaintiffs have not met

the burden of proof required to set aside the clause on grounds of inconvenience, the court finds the forum selection clause enforceable.

As for Marvin Concepts, there is no reason it could not bring its claims in a state or federal court in Austin or Travis County, Texas. Other courts have enforced a contractual forum selection clause against non-signatories to the contract, so long as those parties were "closely related" to the dispute and it was "foreseeable" they might be bound. *Baker v. Leboeuf, Lamb, Leiby & Macrae LLP,* 105 F.3d 1102, 1106 (6th Cir. 1997); *see also Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993) ("to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound"). Here, the court finds Marvin Concepts is a "transaction party" for purposes of the forum selection clause. When Hassinger and Dealers Warehouse allowed Marvin Concepts to use Activant's proprietary products and services pursuant to the license contained in the Master Customer Agreement, the plaintiffs should have foreseen that doing so bound Marvin Concepts to the terms and conditions of the Agreement. Marvin Concepts would have no cause of action against Activant if the agreement for software and services had not been executed. Marvin Concepts' claims are thus intertwined with the underlying agreement, as its claims are based on Activant's alleged breach of the obligations and duties assigned to it in the agreement. Therefore, the court finds that Marvin Concepts is bound by the venue provision contained in the parties' agreement.

Plaintiffs argue that because the venue clause in the agreement with defendant limits the venue for any litigation to Austin, Travis County, Texas, the Tennessee Consumer Protection Act (TCPA) renders the venue clause void as a matter of public policy. However, plaintiffs' argument has been rejected by Chief Judge Curtis L. Collier of this court in *Wholesale Tape & Supply Co. V. iCode, Inc.,* 2005 WL 3535148 (E.D.Tenn. Dec 22, 2005). Judge Collier found that the provision in the TCPA voiding "any provision in any agreement or stipulation, verbal or written, restricting jurisdiction or venue to a forum outside this state or requiring the application of the laws of another state with respect to any claim arising under or relating to the Tennessee Consumer Protection Act" is preempted by the Federal Arbitration Act (FAA) to the extent it attempts to override the terms of otherwise valid private agreements to arbitrate. *Id.* Additionally, Tennessee courts have limited the scope of this section of the TCPA, finding it preempted by the FAA. Specifically, the Tennessee Supreme Court has noted, "the purpose of the FAA is "to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Frizzell Constr. Co. v. Gatlinburg, LLC*, 9 S.W.3d 79, 83-84 (Tenn. 1999). Accordingly, the court finds the venue provision in the parties' agreement is not void under Tennessee law.

Defendant moves the court dismiss this case without prejudice to pursuing it in arbitration in Austin, Travis County, Texas. Under the FAA, 9 U.S.C. § 3, this court may not compel the parties to arbitrate outside the Eastern District of Tennessee. *See Inland Bulk Transfer Co. v. Cummins Engine Co.,* 332 F.3d 1007, 1018 (6th Cir. 2003) ("where the parties have agreed to arbitrate in a particular forum, only a district court in that

forum has jurisdiction to compel arbitration pursuant to § 4). However, the court has discretion under 28 U.S.C. § 1404(a) to transfer venue for the convenience of parties and witnesses, and in the interests of justice. Therefore, the court will transfer this matter to the Western District of Texas for further proceedings.

## III. Conclusion

For the reasons set forth above, the motion to dismiss filed by defendant Activant Solutions, Inc., [Doc. 4] is **DENIED,** and this action is **TRANSFERRED** to the Western District of Texas.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge